Elmer Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Daniel T. Booth,* Legal Intern, for respondent.

OPINION BY JUDGE ROGERS, January 23, 1986:

This is the appeal of Elmer Johnson (claimant) from an order of the Unemployment Compensation Board of Review (board) which reversed a referee's decision and denied the claimant benefits pursuant to Section 402(e) of the Unemployment Compensation

Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides that persons whose unemployment is the result of their wilful misconduct are to be ineligible for compensation.

The claimant was employed as a steel roll dye maker by the Atlas Dye Cutting Company (employer) for a little more than five years. The Office of Employment Security (OES) held the claimant to be ineligible for having directed profanity to and threatened a supervisor.

On appeal, a referee heard conflicting testimony concerning the history of the relations between the claimant and the supervisor and the circumstances of the alleged profanity and threat. The employer's witnesses, the supervisor and two officers of the employer, testified that in speaking to his supervisor the claimant used vulgar language and said "we'll go outside and I'll kick your a - - ." The claimant produced two fellow employees who testified that they were present at the alleged incident; that it lasted only a minute or two; that they heard no threats; and that no one could have heard the conversation over the noise in the workplace. All of the witnesses, including the supervisor, testified that the claimant made no violent gestures toward the supervisor nor did he ever touch him.

The witnesses all testified that there was a personality clash between the claimant and the supervisor. An officer stated that he had never had a problem with the claimant, "but there were problems since the day [he] hired [this] Supervisor." There was also testimony regarding a union determination that the supervisor was guilty of harassing the claimant.

In a well-reasoned decision, the referee discussed the background of the case and the conflicting testimony, and determined that the claimant's actions did

not rise to the level of wilful misconduct. The referee found that the claimant was terminated for threatening his immediate supervisor with bodily harm but, that, in fact, the claimant did not threaten his immediate supervisor with bodily harm.

On appeal, the board, without taking additional testimony or evidence, found that the claimant became angry during a discussion with his supervisor and began using vulgar language and threatened his supervisor with physical harm; and concluded that the claimant was disqualified from receiving benefits under Section 402(e) of the Law, 43 P.S. §802(e). The board offered no explanation for rejecting the referee's finding other than its belief that the employer's testimony was more credible.

The claimant argues that the board should not be permitted without explanation to reverse the findings of a referee which are founded upon credibility determinations. The claimant premises this argument on the fact that the referee has the opportunity to observe the demeanor of witnesses and to draw inferences from their testimony based on factors not reducible to paper, while the board has only the transcript of the testimony before it and does not have the benefit of such observation.

In *Peak v. Unemployment Compensation Board of Review,* Pa. , 501 A.2d 1383 (No. 45 W.D. Appeal Dkt. 1984, filed December 12, 1985), the Supreme Court of Pennsylvania decided this recurring issue contrary to the claimant's contention.

The Supreme Court wrote in *Peak:*

The appellant [attacks] . . . the settled interpretation of Section 504 of the Act, *as amended by* the Act of December 5, 1974, P.L. 771, §10, 43 P.S. §824 (Supp. 1985), which we have consistently held makes the Board the ultimate finder of fact with power to substitute its judg-

ment for that of its referees on disputed facts. Without legislative change in this section of the law we are not inclined to disturb its settled meaning. (Citations omitted.)

. . . .

[T]he appellant's contention is actually an assertion that the legislature either did not or could not delegate the power to find facts on the basis of credibility to the Board unless the Board itself hears the evidence and observes the witnesses.

. . . .

[A] long line of cases has interpreted this section [Section 504 of the Unemployment Compensation Act, *as amended*, 43 P.S. §824] of the statute to make the board the ultimate finder of fact. (Citations omitted.)

. . . .

It may be wiser, more efficient or more expedient to entrust administrative determinations of fact based on credibility to the person who hears the evidence. However, that judgment is one for the legislature, not the judiciary. Indeed, just such a judgment was made by our legislature when it amended Section 423 of The Pennsylvania Workmen's Compensation Act to change those referees from mere agents of the Board to independent factfinders whose credibility determinations became binding on the Workmen's Compensation Appeal Board. Before that amendment, the Workmen's Compensation Appeal Board had had the same power of de novo review over its referees as the Unemployment Compensation Board of Review retains under Section 504 of the Unemployment Compensation Act, 43 P.S. §824 (Supp.

1985). Universal Cyclops v. Workmen's Compensation Appeal Board, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

No analogous amendment has been made to the Unemployment Compensation Law despite recent substantial legislative activity amending that Act. We are not inclined to amend it for the legislature, even if we had the power to do so. We are not so wise that we can determine all the effects such a change would have on our troubled unemployment compensation system and, if we were, we would not be justified in acting in place of the legislature in this respect.

At bottom, appellant's proposition that the referee should have the exclusive power to resolve credibility issues is based on the notion that credibility evaluations depend on the observation of live witnesses while they testify. Such observation is often important, but it is not the only factor to be considered in deciding who is to evaluate credibility on conflicting evidence. Considerations of expertise, uniformity of decision and control over policy are also relevant. Besides, a rule embodying that proposition would preclude a factfinder from weighing depositions against live evidence, or documents or exhibits against witness's testimony, a practice common and necessary in both administrative and judicial fact finding. We decline to adopt such a rule.

501 A.2d at 1385, 1388, 1389, 1390.

The order of the board is affirmed.

## ORDER

AND Now, this 23rd day of January, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.